IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY THOMAS HOLLADAY, | ) | 8:10CV152 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director, | ) | |
| Nebraska Dept. of Correctional | ) | |
| Services, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner Larry Thomas Holladay's ("Holladay") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed an Answer (filing no. 10), Brief in support of his Answer (filing no. 11), and relevant State Court Records (filing nos. 8 and 9). Holladay filed a Brief in response to the Answer. (Filing No. 14.) This matter is therefore deemed fully submitted.

Liberally construing the allegations of Holladay's Petition, he argues that he is entitled to a writ of habeas corpus because:[1]

Claim One: Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* the trial court: (a) allowed a witness to testify who had undergone psychological evaluation and was therefore potentially mentally incapable of

---

[1] The Petition included an additional claim, but the court dismissed that claim on initial review because it raised only a question of state law and related to errors in post-conviction proceedings. (Filing No. 6.)

        testifying; and (b) coerced Petitioner into selecting a jury trial instead of a bench trial ("Claim One").

Claim Two: Petitioner did not receive effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* his trial counsel: (a) did not object to questions soliciting impermissible character evidence, hearsay or irrelevant evidence; (b) did not object to the State's use of Petitioner's exhibits during cross-examination; (c) failed to present Petitioner's character witnesses and expert medical testimony; (d) failed to call all possible witnesses and to interview Petitioner's witnesses prior to trial; (e) had a conflict of interest about which he failed to timely inform Petitioner; (f) failed to properly impeach the State's witness testimony; (g) failed to properly investigate the State's allegations; and (h) failed to inform Petitioner of the decision not to call certain witnesses ("Claim Two").[2]

(Filing No. 1.)

## BACKGROUND

### I. *Holladay's Conviction and Direct Appeal*

On November 30, 2005, a jury found Holladay guilty of one count of sexual assault, one count of attempted sexual assault, and three counts of sexual assault on a child. (Filing No. 8-5, Attach. 5, at CM/ECF pp. 58-59.) Holladay was thereafter sentenced to serve a prison term of 20-30 years on the sexual assault conviction, 6-20

---

[2]Together, Claims One and Two are referred to in this Memorandum and Order as the "Habeas Claims."

years on the attempted sexual assault conviction, and 4-5 years on each of the sexual assault on a child convictions. (*Id.* at CM/ECF pp. 79-80.) Holladay filed a timely direct appeal arguing all of Claim Two except for Part E. (Filing No. 8-2, Attach. 2, at CM/ECF pp. 1-22.) The Nebraska Court of Appeals affirmed Holladay's conviction and sentence on February 6, 2007. (Filing No. 8-1, Attach. 1, at CM/ECF pp. 1-8.) Holladay did not file a petition for further review with the Nebraska Supreme Court regarding his direct appeal. (Filing No. 8-4, Attach. 4, at CM/ECF p. 2.)

## II.  *Holladay's Post Conviction Motion and Appeal*

On December 19, 2007, Holladay filed a motion for postconviction relief (the "Post Conviction Motion") in the Sheridan County, Nebraska District Court. (Filing No. 8-11, Attach. 11, at CM/ECF pp. 9-14.) Liberally construed, the Post Conviction Motion set forth, among other things, portions of Claims One and Two. (*Id.*) The Sheridan County District Court declined to hold an evidentiary hearing and denied relief on all Claims. (*Id.* at CM/ECF p. 22.) Holladay filed a timely appeal of the denial of post conviction relief. On appeal, and through counsel, Holladay argued that the Sheridan County District Court improperly denied him an evidentiary hearing and argued portions of the Habeas Claims. (Filing No. 8-8, Attach. 8, at CM/ECF pp. 1-24.) On January 29, 2010, the Nebraska Court of Appeals affirmed the Sheridan County District Court's denial of post conviction relief without issuing an opinion. (Filing No. 8-10, Attach. 10, at CM/ECF p. 2.) Holladay filed a petition for further review, and the Nebraska Supreme Court denied that petition on March 17, 2010, also without issuing an opinion. (*Id.* at CM/ECF p. 3.)

Holladay timely filed his Petition in this court on April 23, 2010. (Filing No. 1.) Respondent thereafter filed his Answer (filing no. 10) and Brief in support (filing no. 11), arguing that all of Holladay's claims are procedurally defaulted. Holladay

argues the merits of his claims, and also argues that his claims are not procedurally defaulted. (Filing No. 14.)

## ANALYSIS

### I.  Procedural Default

#### A.  Standards for Exhaustion/Procedural Default

As set forth in 28 U.S.C. § 2254(b)(1):

> (1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A)  the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)  (I)  there is an absence of available State corrective process; or
> > (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim-that is, if resort to the state courts would be futile-then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir.

5

1989); *see also* Greer v. Minnesota, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." Barnett v. Roper, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted). Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

### B. Holladay's Claims

As set forth above, Holladay arguably raised most of Claim Two in his direct appeal to the Nebraska Court of Appeals, but did not raise any portion of Claim One. (Filing No. 8-2, Attach. 2, at CM/ECF pp. 1-22.) Further, Holladay did not file a petition for further review with the Nebraska Supreme Court after he was denied relief in the Nebraska Court of Appeals. Importantly, and only because Holladay repeatedly requested it, the Sheridan County District Court appointed different counsel for Holladay's direct appeal than the counsel who represented him at trial. (Filing No. 8-5, Attach. 5, at CM/ECF pp. 60-66, 69-78.) Holladay's appellate counsel specifically recognized that "where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel," and that "[i]n this case appellate counsel is different from trial counsel . . . hence, all of the issues that the Defendant had regarding his representation at trial are raised on direct appeal." (Filing No. 8-2, Attach. 2, at CM/ECF p. 21.)

6

While Holladay arguably raised nearly all of Claim Two on direct appeal, he failed to subject that Claim to "one complete round" of state-court review because of his failure to submit a petition for further review to the Nebraska Supreme Court. Holladay is now barred from doing so because he cannot submit a second motion for post conviction relief where, as here, the basis for relief was clearly available at the time of his direct appeal and Post Conviction Motion. *See Ortiz*, 670 N.W.2d at 792. As such, the portions of Claim Two raised in Holladay's direct appeal are procedurally defaulted.

While Holladay raised portions of Claims One and Two in his Post Conviction Motion and appeal, the Nebraska courts rejected Holladay's claims in their entirety. In doing so, the Nebraska courts reviewing Holladay's claims found that Holladay either raised or could have raised those claims on direct appeal. Specifically, the Sheridan County District Court determined that the "allegations raised in the [Post Conviction Motion] were allegations that had either been previously raised on direct appeal or were known to [Holladay] at the time of direct appeal and were not raised." (Filing No. 8-11, Attach. 11, at CM/ECF p. 22.) The Nebraska Court of Appeals and the Nebraska Supreme Court agreed with this determination and affirmed the denial of post conviction relief without issuing opinions. (Filing No. 8-10, Attach. 10, at CM/ECF pp. 2-3.) In light of the Nebraska state courts' "plain statement[s]" that they were rejecting Holladay's federal claims on independent and adequate state procedural grounds, this court is barred from addressing the portions of Claims One and Two raised by Holladay in his Post Conviction Motion, and those claims are also procedurally defaulted. *Shaddy,* 890 F.2d at 1018.

While difficult to tell, it appears that Holladay never presented Claim Two, Part E, and portions of Claim One to a Nebraska state court. As with his other defaulted claims, he is now barred from doing so because he cannot submit a second motion for post conviction relief where, as here, the basis for relief was clearly available at the time of his direct appeal and Post Conviction Motion. *See Ortiz*, 670 N.W.2d at 792.

Holladay had two separate opportunities to properly raise his Habeas Claims in the state courts at various times, but chose not to do so. All of his Claims are therefore exhausted by procedural default. Because they are procedurally defaulted, the court cannot resolve the Habeas Claims unless Holladay demonstrates cause and prejudice excusing the default.

## II.     *Cause and Prejudice*

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999); *see also Bell v. Attorney Gen. of the State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

The court has carefully reviewed Holladay's submissions in this matter. Holladay argues that, to the extent his Habeas Claims are procedurally defaulted, the default "should fall squarely upon the court appointed attorney's shoulders" and he "feels that he should not be held accountable for his attorneys [sic] ineffectiveness." (Filing No. 14 at CM/ECF pp. 6-7.) While ineffective assistance of counsel may constitute "cause" in some circumstances, "[n]ot just any deficiency in counsel's performance will do." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Rather, "the assistance must have been so ineffective as to violate the United States Constitution. In other words, ineffective assistance of counsel adequate to establish cause for the procedural default of some other constitutional claim is itself an independent

8

constitutional claim" which must be presented to the state courts. *Id.* (citation omitted). Thus, in order to claim that ineffective assistance of counsel is cause to excuse his procedural default, Holladay must have first presented that ineffective assistance argument to the Nebraska state courts. There is nothing before the court showing that Holladay did so and his failure to present this independent claim is insufficient cause to excuse the procedural default.

In addition, Holladay argues that the court's failure to consider his Habeas Claims will result in a fundamental miscarriage of justice because he is actually innocent of the crimes for which he was convicted. (Filing No. 14.) In order for Holladay to invoke the fundamental-miscarriage-of-justice exception, he must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted. *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). *See also Cassell v. Norris*, 103 F.3d 61, 62 (8th Cir. 1996) ("For actual innocence to lift the procedural bar, [a petitioner] must show that it is more likely than not that, in light of new evidence, no reasonable juror would have convicted him."), *cert. denied*, 522 U.S. 857 (1997).

In support of his actual innocence claim, Holladay repeatedly states that he is actually innocent because his attorneys, the court, and others "did not work to find my innocence." (Filing No. 14 at CM/ECF p. 2.) As support for this argument, Holladay points to an alleged conflict of interest on the part of his trial attorney relating to Holladay's role in witnessing a suicide at the Sheridan County jail while he awaited trial. (*Id.* at CM/ECF p. 10.) Holladay relates a conversation he had with his trial counsel prior to trial regarding this suicide as "evidence" for his counsel's conflict of interest. (*Id.* at CM/ECF pp. 10-11.) However, these allegations do not support a claim of actual innocence because Holladay clearly knew of the purported conflict prior to trial and certainly before his direct appeal and his Post Conviction Motion. Thus, this "evidence" can hardly be considered "new." Further, there is no indication of how this purported conflict shows that "it is more likely than not that . . . no

9

reasonable juror would have convicted him" had the jury known about the purported conflict. In short, any "evidence" of the purported conflict is not new evidence that affirmatively demonstrates that he is innocent of the crime for which Holladay was convicted. See *Abdi*, 450 F.3d at 338. Because Holladay has not demonstrated cause and prejudice to excuse the procedural default of all of his Habeas Claims, this matter is dismissed in it entirety.

IT IS THEREFORE ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 19th day of November, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.